UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONELL THOMAS HAYNIE,<br><br>Petitioner,<br><br>v.<br><br>M. SPEARMAN,<br><br>Respondent. | No. 2:19-cv-01967 AC P<br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, a request to stay the petition pending the exhaustion of petitioner's state court remedies, and a request to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis, ECF No. 2, will be granted. See 28 U.S.C. § 1915(a).

The petition for writ of habeas corpus raises one claim: that the trial court's 2010 finding that petitioner's prior burglary conviction was a strike was not made by a jury, in violation of petitioner's Sixth Amendment rights under People v. Gallardo, 4 Cal. 5th 120 (2017). Following Gallardo, petitioner obtained an amended judgment of conviction from the trial court on October 30, 2018. He then filed a petition for writ of habeas corpus in the California Supreme Court on August 14, 2019, which was amended on September 16, 2019 and remains pending. See Haynie

1

(Donell) on Habeas Corpus, Cal. S. Ct. Case No. S257437.[1] [2]  See ECF No. 1.  Petitioner has filed a one paragraph request "that the Court issue a 'stay and abeyance' order until the state proceedings have concluded."  ECF No. 3 at 1.

Until recently, district courts routinely dismissed petitions that were wholly unexhausted at the time of filing.  See Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  However, the Ninth Circuit Court of Appeals has clarified that unexhausted petitions may, under limited circumstances, be stayed pending exhaustion.  Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016).  The requirements for a stay are those set forth in Rhines v. Weber, 544 U.S. 269, 278 (2005).  The U.S. Supreme Court explained in Rhines that stay and abeyance pending exhaustion is appropriate only in limited circumstances.  The petitioner must show that "'[1] petitioner had good cause for his failure to exhaust, [2] his unexhausted claims are potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'"  Mena, 813 F.3d at 910 (quoting Rhines, 544 U.S. at 278).

Evidence of these factors cannot merely be inferred by the court, but must be clearly presented by petitioner in a fully supported motion.  Therefore, the court will deny petitioner's instant motion to stay without prejudice to petitioner filing a motion for stay and abeyance which addresses the factors identified in Rhines.  Alternatively, petitioner may withdraw his federal petition and refile it after the California Supreme Court has ruled on his state petition.[3]

---

[1] This information is set forth in the Case Information website operated by the California Supreme Court.  See http://appellatecases.courtinfo.ca.gov/search.  This court may take judicial notice of its own records and the records of other courts.  See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] A prior petition filed February 8, 2018, was denied on May 9, 2018, because based on insufficient information.  See Haynie (Donell) on Habeas Corpus, Cal. S. Ct. Case No. S246961.

[3] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing habeas corpus petitions in federal court.  In most cases, the one-year period starts to run on the date when the challenged conviction became final by the conclusion of direct review or the expiration of time for seeking direct review.  28 U.S.C. § 2244(d)(1).  If a Rhines stay is granted, petitioner will have the benefit of his original federal filing date in assessing the timeliness of his (continued…)

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis, ECF No. 2, is granted.

2. Petitioner's motion to stay, ECF No. 3, is denied without prejudice.

3. Petitioner may, within thirty (30) days after the filing date of this order, file a motion for stay and abeyance of this action pending exhaustion of petitioner's claims in the state courts. Such motion must include a showing that "'petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" Mena, 813 F.3d at 910 (quoting Rhines, 544 U.S. at 278).

4. Alternatively, petitioner may request the voluntary dismissal of this action without prejudice.

5. Failure of petitioner to timely file a motion to stay and abey this action, or request the voluntary dismissal of this action, will result in the involuntary dismissal of this action without prejudice.

IT IS SO ORDERED.

DATED: October 9, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

petition. If his petition is dismissed and refiled later, he will not have the benefit of the first federal filing date, but the time that properly-filed habeas petitions are pending in state court will not count against him. See 28 U.S.C. § 2244(d)(2) (the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending). The court makes no findings or representations regarding the timeliness of petitioner's claims.