UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONELL THOMAS HAYNIE, | No. 2:19-cv-1967 KJM AC P |
| Petitioner, | |
| v. | ORDER |
| BRIAN CATES, | |
| Respondent. | |

Petitioner has filed a motion for leave to file additional briefing in support of his petition for writ of habeas corpus. ECF Nos. 42, 43. Respondent has filed an opposition to the motion (ECF No. 44), and petitioner has filed a reply (ECF No. 45).

Petitioner states that he has now determined that the trial court never engaged in judicial fact finding when it determined that his prior conviction for burglary was a strike. ECF No. 42 at 2; ECF No. 43 at 5. He contends that he requested a bifurcated hearing on his prior felony convictions, and that he did not receive one. Instead, on the day of his sentencing, the court simply found the two prior convictions, which were alleged to be strikes, true. ECF No. 43 at 1-3. Petitioner argues that failing to conduct a bifurcated hearing on strike allegations violated his constitutional rights. ECF No. 42 at 2; ECF No. 43 at 5-7.

The request for supplemental briefing will be denied. The habeas petition has been submitted for decision for some time, and a ruling is forthcoming. To the extent if any that

petitioner is attempting to add a new claim or legal theory to the case, he has not sought amendment under Fed. R. Civ. P. 15(a), nor has he provided proper support for amendment. As respondent argues, amendment at this time would present serious problems of timeliness and exhaustion.

Petitioner's proposed supplemental briefing, however, appears more duplicative than new. The operative petition alleges that petitioner was denied his Sixth Amendment right to a jury trial when the trial judge – not a jury – concluded that his prior conviction for burglary was a strike, which is a "serious" felony conviction under the California Penal Code. ECF No. 18 at 6, 9, 12-14 (first amended petition). The proposed additional briefing merely elaborates petitioner's argument in support of this claim. Such briefing would be of no benefit to the court.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for additional briefing (ECF No. 42) is DENIED.

DATED: March 31, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2