UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONELL THOMAS HAYNIE, | No. 2:19-cv-1967 KJM AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| BRIAN CATES, Warden, | |
| Respondent. | |

Petitioner is a California state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action proceeds on the First Amended Petition, ECF No. 18, which challenges an indeterminate life sentence imposed in 2010 as having unconstitutionally relied on a finding by the court, rather than a finding by the jury, that that a prior conviction counted as a "strike" under California's recidivist sentencing statute. Respondent has answered, ECF No. 27, and petitioner filed a traverse, ECF No. 30.

BACKGROUND

I.   Proceedings in the Trial Court

Petitioner was charged in Sacramento County with offenses including rape, kidnaping, assault with a deadly weapon, and pimping. The information alleged prior convictions for

////

////

1

criminal threats and burglary as "strikes." Clerk's Transcript on Appeal ("CT")[1] at 69-72 (Amended Information). The case went to trial. On August 30, 2010, the jury returned guilty verdicts on Count 4 (false imprisonment by violence), Count 6 (possession of methamphetamine), Count 7 (kidnaping), and misdemeanor assault as a lesser included offense of Count 5 (assault with a deadly weapon). CT 44-46. Petitioner was acquitted of other counts. Id.

Petitioner waived a jury on the priors. Reporter's Transcript on Appeal ("RT")[2] 636-639 (waiver colloquy). At judgment and sentencing on October 8, 2010, the court denied a defense motion under People v. Superior Court (Romero), 13 Cal. 4th 497 (1996), to dismiss the strikes. CT 169-175 (Romero motion), RT 61-63 (ruling on motion). Petitioner was accordingly sentenced under the "Three Strikes Law" to three consecutive terms of 25-years to life imprisonment for the three felony counts of conviction, plus ten years for the misdemeanor count. CT 217.

II.     Post-Conviction Proceedings

Petitioner timely appealed, and on February 13, 2013, the California Court of Appeal reversed the conviction for false imprisonment. This resulted in an adjusted sentence of two indeterminate life terms plus ten years.

A series of state habeas petitions followed. As relevant to the single claim of the instant federal petition, petitioner challenged the strike finding pursuant to Descamps v. United States, 570 U.S. 254 (2013) and Mathis v. United States, 579 U.S. 500 (2016), in a habeas petition submitted to the California Supreme Court, which was denied on May 18, 2018. ECF No. 26-8. This federal habeas proceeding followed.[3]

////
////

---

[1] The Clerk's Transcript is electronically lodged at ECF No. 26-1.
[2] The Reporter's Transcript is electronically lodged at ECF Nos. 26-3 through 26-6.
[3] In a subsequent round of state habeas in 2019, petitioner unsuccessfully re-presented the same claim with citation to supplemental authority. ECF Nos. 26-9, 26-10, 26-11. In a 2020 round of state habeas, petitioner unsuccessfully attempted to reassert this claim and to supplement it with a challenge to the sufficiency of the evidence as to kidnaping. ECF Nos. 26-12, 26-13, 26-14.

## STANDARDS GOVERNING HABEAS RELIEF UNDER THE AEDPA

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 562 U.S. 86, 99 (2011). State court rejection of a federal claim will be presumed to have been on the merits absent any indication or state-law procedural principles to the contrary. Id. (citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100.

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Only Supreme Court precedent may constitute "clearly established Federal law," but courts may look to circuit law "to ascertain whether…the particular point in issue is clearly established by Supreme Court precedent." Marshall v. Rodgers, 569 U.S. 58, 64 (2013).

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to

the facts of the particular state prisoner's case." Id. at 407-08.  It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable.  Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

Review under § 2254(d) is limited to the record that was before the state court.  Cullen v. Pinholster, 563 U.S. 170, 180-181 (2011).  The question at this stage is whether the state court reasonably applied clearly established federal law to the facts before it.  Id. at 181-182.  In other words, the focus of the § 2254(d) inquiry is "on what a state court knew and did."  Id. at 182.  Where the state court's adjudication is set forth in a reasoned opinion, §2254(d)(1) review is confined to "the state court's actual reasoning" and "actual analysis."  Frantz v. Hazey, 533 F.3d 724, 738 (9th Cir. 2008) (en banc).  A different rule applies where the state court rejects claims summarily, without a reasoned opinion.  In Richter, supra, the Supreme Court held that when a state court denies a claim on the merits but without a reasoned opinion, the federal habeas court must determine what arguments or theories may have supported the state court's decision, and subject those arguments or theories to § 2254(d) scrutiny.  Richter, 562 U.S. at 102.

## DISCUSSION

### I.   Petitioner's Allegations and Pertinent State Court Record

Petitioner alleges that he "was denied his Sixth Amendment right to a jury when the state court concluded that his prior conviction for burglary was a strike."  ECF No. 18 at 6.  The petition alleges that the trial court's finding was based on the Cal. Penal Code § 969(b) packet (record of prior conviction).  Id.  Petitioner relies on Apprendi v. New Jersey, 530 U.S. 466 (2000), Descamps v. United States, 570 U.S. 254 (2013), and Mathis v. United States, 579 U.S. 500 (2016) to contend that the adjudication of the prior strike by the court rather than a jury was constitutional error.  Id. at 8 et seq.

### II.   The Clearly Established Federal Law

Under the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment, any fact that increases the penalty for a crime beyond the prescribed statutory maximum — "[o]ther than the fact of a prior conviction" — must be submitted to a jury and proved beyond a

////

4

reasonable doubt. Apprendi, 530 U.S. at 476, 490 (citing Jones v. United States, 526 U.S. 227, 243 n.6 (1999)).

In Descamps, supra, the Supreme Court held that district courts may not generally examine documents from prior conviction proceedings to determine whether the underlying facts of a defendant's prior crime of conviction correspond with the elements of any qualifying "violent felony" offense under the federal Armed Career Criminal Act ("ACCA"). Descamps, 570 U.S. at 264-67. In Mathis, the Court held that a defendant was improperly sentenced under the ACCA based on prior state convictions for burglary, because burglary as defined by Iowa law does not qualify on its face as a "violent felony" within the meaning of the ACCA. The Mathis court reiterated the holding of Apprendi and its import for sentencing in ACCA cases: "This Court has held that only a jury, and not a judge, may find facts that increase a maximum penalty, *except for the simple fact of a prior conviction*. That means a judge cannot go beyond identifying the crime of conviction to explore the manner in which the defendant committed that offense. . . . He can do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.") (emphasis added) (citations omitted). Mathis, 579 U.S. at 511.

### III. The State Court's Ruling

The California Supreme Court denied the claim as follows:

> The petition for writ of habeas corpus is denied. (*See People v. Duvall* (1995) 9 Cal.4th 464, 474 [a petition for writ of habeas corpus must include copies of reasonably available documentary evidence]; *In re Swain* (1949) 34 Cal.2d 300, 304 [a petition for writ of habeas corpus must allege sufficient facts with particularity].)

ECF No. 26-8.

The undersigned interprets this language as a summary denial on the merits for lack of a prima facie case. See Duvall, 9 Cal.4th at 475. In other words, the state court found that petitioner had not presented facts—including, in this case about the sentencing court's process,

////

////

////

portions of the record demonstrating the alleged error—sufficient to support a claim entitling petitioner to relief.[4]

IV. Objective Reasonableness Under § 2254(d)

When a state court denies a claim for failing to state a prima facie case, the absence of a prima facie case is the determination that must be reviewed for reasonableness under § 2254(d). Nunes v. Mueller, 350 F.3d 1045, 1054-55 (9th Cir. 2003), cert. denied, 543 U.S. 1038 (2004).[5]

Here, there is nothing unreasonable about the conclusion that petitioner's facts do not support a prima facie Apprendi claim. First, there cannot have been a violation of any right to a jury trial because petitioner affirmatively waived a jury, and his waiver was found to be knowing and voluntary. See RT 636-639. The transcript of the waiver colloquy, which logically undermines any Apprendi claim, is attached to the petition. ECF No. 18 at 42-45.

Second, nothing in the record upon which petitioner relies, or that this court's independent review has identified, supports the allegation that the trial court conducted any judicial factfinding beyond what is expressly permitted by Apprendi and People v. Gallardo, 4 Cal. 5th 120, 130 (2017): the simple *fact* of a prior conviction. The petition highlights a snippet of transcript in which the sentencing court mentioned some of the underlying facts of petitioner's priors, ECF No. 18 at 61-62, but these comments were made in explaining the denial of petitioner's Romero motion[6] and not in making a finding that the existence of the priors was proved. The petition elsewhere affirmatively alleges that "the trial court found the priors to be true based on the prosecution's 969(b) packet."[7] ECF No. 18 at 6. Clearly established federal law permits judicial

---

[4] The parallel citation to Swain further supports this interpretation. To the extent if any that the citation to Duvall could be interpreted as indicating a procedural ground for denial, the undersigned would elect to bypass any procedural default issue thus presented. See Lambrix v. Singletary, 520 U.S. 518, 525 (1997) (a procedurally defaulted claim may be denied on the merits).

[5] Respondent urges dismissal of the instant petition for untimeliness, then goes on to address the merits. ECF No. 27. The undersigned elects to bypass the timeliness issue. See Van Buskirk v. Baldwin, 265 F.3d 1080, 1083 (9th Cir. 2001) (court may properly deny claim on the merits rather than considering AEDPA's time bar), cert. denied, 535 U.S. 950 (2002).

[6] Under Romero, 13 Cal.4th 497, the sentencing court has authority to dismiss one or more prior "strikes" in the interest of justice.

[7] Cal. Penal Code § 969b provides for proof of prior convictions with certified copies of correctional records documenting the facts of conviction and imprisonment.

factfinding as to "the fact of a prior conviction" Apprendi, 530 U.S. at 476, which is precisely what a 969(b) packet addresses.

Descamps and Mathis provide no support for petitioner's claim because those are ACCA cases decided on federal statutory grounds. Although the Supreme Court noted in Descamps and Mathis that the ACCA must be interpreted so as to comport with Apprendi, in order to avoid Sixth Amendment problems, neither case was decided on constitutional grounds. See Ezell v. United States, 778 F.3d 762, 766 (9th Cir.) (Descamps is a statutory interpretation case, it does not announce any constitutional rule), cert. denied, 577 U.S. 916 (2015). These cases therefore have no bearing on the issues presented here.

In sum, the state court's summary rejection of petitioner's claim was not unreasonable because petitioner failed to present a prima facie case under Apprendi and progeny.[8] In light of petitioner's waiver of a jury as to the strikes, the affirmative allegation that the judicial finding of a strike was based on the 969b packet, and the absence of any facts showing impermissible judicial factfinding, there can have been no objectively unreasonable application of clearly established federal law by the state court. Federal habeas relief is therefore barred by 28 U.S.C. § 2254(d).

## CONCLUSION

For all the reasons explained above, the state courts' denial of petitioner's claims was not objectively unreasonable within the meaning of 28 U.S.C. § 2254(d). Even without reference to AEDPA standards, petitioner has not established any violation of his constitutional rights. Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be denied.

---

[8] In a previous motion for leave to file supplemental briefing, ECF Nos. 42 (motion) & 43 (proposed brief), petitioner indicated his awareness that this claim is based on inaccurate factual allegations. He stated that he had come to realize that the trial court did not in fact engage in judicial factfinding, and he contended that an entirely different error had occurred regarding the strike. ECF No. 42 at 2; ECF No. 43 at 5-7. The motion for supplemental briefing was denied. ECF No. 48. To the extent petitioner was attempting to raise a new claim, he was informed that a motion to amend the petition under Fed. R. Civ. P. 15(a) would be necessary, and would face obstacles of timeliness and exhaustion. Id. Petitioner never moved to amend the petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 1, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE