1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DONELL THOMAS HAYNIE,                        No.  2:19-cv-1967 KJM AC P

12                    Petitioner,

13         v.                                     FINDINGS AND RECOMMENDATIONS

14   BRIAN CATES, Warden,

15                    Respondent.

16

17         Petitioner is a California state prisoner proceeding pro se with an application for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  The action proceeds on the First Amended Petition,

19   ECF No. 18, which challenges an indeterminate life sentence imposed in 2010 as having

20   unconstitutionally relied on a finding by the court, rather than a finding by the jury, that that a

21   prior conviction counted as a "strike" under California's recidivist sentencing statute.

22   Respondent has answered, ECF No. 27, and petitioner filed a traverse, ECF No. 30.  Also pending

23   before the court is petitioner's motion to amend his § 2254 application to add a new claim for

24   relief.

25                              BACKGROUND

26   I.    Proceedings in the Trial Court

27         Petitioner was charged in Sacramento County with offenses including rape, kidnaping,

28   assault with a deadly weapon, and pimping.  The information alleged prior convictions for

1

criminal threats and burglary as "strikes."  Clerk's Transcript on Appeal ("CT")[1] at 69-72

(Amended Information).  The case went to trial.  On August 30, 2010, the jury returned guilty

verdicts on Count 4 (false imprisonment by violence), Count 6 (possession of methamphetamine),

Count 7 (kidnaping), and misdemeanor assault as a lesser included offense of Count 5 (assault

with a deadly weapon).  CT 44-46.  Petitioner was acquitted of other counts.  Id.

Petitioner waived a jury on the priors.  Reporter's Transcript on Appeal ("RT")[2] 636-639

(waiver colloquy).  At judgment and sentencing on October 8, 2010, the court denied a defense

motion to dismiss the strikes pursuant to People v. Superior Court (Romero), 13 Cal. 4th 497

(1996).  CT 169-175 (Romero motion), RT 61-63 (ruling on motion).  Petitioner was accordingly

sentenced under the "Three Strikes Law" to three consecutive terms of 25-years to life

imprisonment for the three felony counts of conviction, plus ten years for the misdemeanor count.

CT 217.

II.      Post-Conviction Proceedings

Petitioner timely appealed, and on February 13, 2013, the California Court of Appeal

reversed the conviction for false imprisonment.  This resulted in an adjusted sentence of two

indeterminate life terms plus ten years.

A series of state habeas petitions followed.  As relevant to the single claim of the instant

federal petition, petitioner challenged the strike finding pursuant to Descamps v. United States,

570 U.S. 254 (2013) and Mathis v. United States, 579 U.S. 500 (2016), in a habeas petition

submitted to the California Supreme Court, which was denied on May 18, 2018.  ECF No. 26-8.

This federal habeas proceeding followed.[3]

///

///

///

---

[1]  The Clerk's Transcript is electronically lodged at ECF No. 26-1.
[2]  The Reporter's Transcript is electronically lodged at ECF Nos. 26-3 through 26-6.
[3]  In a subsequent round of state habeas in 2019, petitioner unsuccessfully re-presented the same claim with citation to supplemental authority.  ECF Nos. 26-9, 26-10, 26-11.  In a 2020 round of state habeas, petitioner unsuccessfully attempted to reassert this claim and to supplement it with a challenge to the sufficiency of the evidence as to kidnaping.  ECF Nos. 26-12, 26-13, 26-14.

1    III.    Federal Habeas Proceedings

2        Petitioner filed the instant federal habeas petition on September 24, 2019, raising a single

3    challenge to his sentence.  ECF No. 1 at 5.[4]  On May 2, 2024, this court issued Findings and

4    Recommendations on the merits of petitioner's sentencing challenge.  ECF No. 50.

5    Subsequently, the Ninth Circuit Court of Appeals transferred petitioner's application to file a

6    second or successive § 2254 petition to this court with instructions for it to be construed as a

7    motion to amend his pending habeas application.[5]  ECF No. 52.  As a result, this court vacated its

8    Findings and Recommendations in order to address the pending motion to amend.  ECF No. 53.

9    In the same minute order, respondent was directed to file any opposition to the motion to amend

10   within 14 days.  Respondent has not filed any opposition and the time to do so has expired.

11       In his motion to amend, petitioner seeks to add a new claim for relief challenging his prior

12   conviction from 2006, for making criminal threats in violation of California Penal Code § 422,

13   which was used as a strike prior at his sentencing in 2010.  ECF No. 51 at 9-20.  Petitioner

14   submits that the recent Supreme Court decision in Counterman v. Colorado, 600 U.S. 6 (2023), is

15   a new substantive rule that should be applied retroactively to his prior conviction.  ECF No. 51 at

16   20.  Pursuant to this new case, petitioner argues that his criminal threats conviction violates the

17   First Amendment because the state court used an objective standard to determine whether a

18   reasonable person would have interpreted the threat as an intent to cause harm.  ECF No. 51 at 13.

19   The Supreme Court in Counterman rejected this objective standard and concluded that in a

20   criminal prosecution for making threats, the State must prove that "the defendant had some

21   understanding of his statements' threatening character."  600 U.S. at 73.  The Supreme Court

22   adopted a recklessness mens rea requirement in such cases.  Id.

23       Under Federal Rule of Civil Procedure 15(a), a litigant may amend his pleadings once as a

24   matter of course within 21 days after serving it or within 21 days after a responsive motion is

25

_____

26   [4]  The filing date has been calculated using the prison mailbox rule.  See Houston v. Lack, 487
     U.S. 266 (1988) (establishing the constructive date of filing for inmates relying on prison
27   authorities for mailing).
     [5]  The Court of Appeals further directed that the motion be filed *nunc pro tunc* to December 1,
28   2023.

filed.  See also 28 U.S.C. § 2242 (providing that a habeas corpus application "may be amended or supplemented as provided in the rules of procedure applicable to civil actions").  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P 15(a)(2).  Factors to be considered when ruling on a motion to amend a habeas corpus petition include bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether or not the party has previously amended his pleadings.  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

Based on respondent's failure to file an opposition and the lack of any bad faith or undue delay on petitioner's part, the undersigned recommends granting petitioner's motion to amend. Additionally, the court elects to address the new claim for relief on the merits, bypassing any antecedent procedural issues.[6]

## STANDARDS GOVERNING HABEAS RELIEF UNDER THE AEDPA

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[6]  For the same reason that the court chooses to bypass the timeliness of the pending § 2254 petition, the court also finds it in the interests of judicial economy to address the merits of the new claim for relief rather than determining whether it is timely filed or barred by retroactivity.  See infra n. 8; see also Mayle v. Felix, 545 U.S. 644, 650 (2005) (applying the relation back doctrine to determine if claim in amended § 2254 petition was timely filed); Teague v. Lane, 489 U.S. 288 (1989) (establishing rules for determining whether new rules of constitutional law apply retroactively to cases on collateral review).

4

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 562 U.S. 86, 99 (2011). State court rejection of a federal claim will be presumed to have been on the merits absent any indication or state-law procedural principles to the contrary. Id. (citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100.

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Only Supreme Court precedent may constitute "clearly established Federal law," but courts may look to circuit law "to ascertain whether…the particular point in issue is clearly established by Supreme Court precedent." Marshall v. Rodgers, 569 U.S. 58, 64 (2013).

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407-08. It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

Review under § 2254(d) is limited to the record that was before the state court. Cullen v. Pinholster, 563 U.S. 170, 180-181 (2011). The question at this stage is whether the state court reasonably applied clearly established federal law to the facts before it. Id. at 181-182. In other words, the focus of the § 2254(d) inquiry is "on what a state court knew and did." Id. at 182. Where the state court's adjudication is set forth in a reasoned opinion, §2254(d)(1) review is confined to "the state court's actual reasoning" and "actual analysis." Frantz v. Hazey, 533 F.3d 724, 738 (9th Cir. 2008) (en banc). A different rule applies where the state court rejects claims

5

summarily, without a reasoned opinion.  In <u>Richter</u>, <u>supra</u>, the Supreme Court held that when a state court denies a claim on the merits but without a reasoned opinion, the federal habeas court must determine what arguments or theories may have supported the state court's decision, and subject those arguments or theories to § 2254(d) scrutiny.  <u>Richter</u>, 562 U.S. at 102.

DISCUSSION

I.        <u>Petitioner's Sixth Amendment Claim and Pertinent State Court Record</u>

Petitioner alleges that he "was denied his Sixth Amendment right to a jury when the state court concluded that his prior conviction for burglary was a strike."  ECF No. 18 at 6.  The petition alleges that the trial court's finding was based on the Cal. Penal Code § 969(b) packet (record of prior conviction).  <u>Id.</u>  Petitioner relies on <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), <u>Descamps v. United States</u>, 570 U.S. 254 (2013), and <u>Mathis v. United States</u>, 579 U.S. 500 (2016), to contend that the adjudication of the prior strike by the court rather than a jury was constitutional error.  <u>Id.</u> at 8 et seq.

II.       <u>The Clearly Established Federal Law</u>

Under the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment, any fact that increases the penalty for a crime beyond the prescribed statutory maximum — "[o]ther than the fact of a prior conviction" — must be submitted to a jury and proved beyond a reasonable doubt.  <u>Apprendi</u>, 530 U.S. at 476, 490 (citing <u>Jones v. United States</u>, 526 U.S. 227, 243 n.6 (1999)).

In <u>Descamps</u>, <u>supra</u>, the Supreme Court held that district courts may not generally examine documents from prior conviction proceedings to determine whether the underlying facts of a defendant's prior crime of conviction correspond with the elements of any qualifying "violent felony" offense under the federal Armed Career Criminal Act ("ACCA").  <u>Descamps</u>, 570 U.S. at 264-67.  In <u>Mathis</u>, the Court held that a defendant was improperly sentenced under the ACCA based on prior state convictions for burglary, because burglary as defined by Iowa law does not qualify on its face as a "violent felony" within the meaning of the ACCA.  The <u>Mathis</u> court reiterated the holding of <u>Apprendi</u> and its import for sentencing in ACCA cases: "This Court has held that only a jury, and not a judge, may find facts that increase a maximum penalty,

6

1    *except for the simple fact of a prior conviction.*  That means a judge cannot go beyond identifying

2    the crime of conviction to explore the manner in which the defendant committed that offense. . . .

3    He can do no more, consistent with the Sixth Amendment, than determine what crime, with what

4    elements, the defendant was convicted of."  Mathis, 579 U.S. at 511 (emphasis added) (citations

5    omitted).

6    III.    The State Court's Ruling

7    The California Supreme Court denied the claim as follows:

8    > The petition for writ of habeas corpus is denied. (*See People v.*
9    > *Duvall* (1995) 9 Cal.4th 464, 474 [a petition for writ of habeas corpus
     > must include copies of reasonably available documentary evidence];
     > *In re Swain* (1949) 34 Cal.2d 300, 304 [a petition for writ of habeas
10   > corpus must allege sufficient facts with particularity].)

11   ECF No. 26-8.

12   The undersigned interprets this language as a summary denial on the merits for lack of a

13   prima facie case.  See Duvall, 9 Cal.4th at 475.  In other words, the state court found that

14   petitioner had not presented facts—including, in this case about the sentencing court's process,

15   portions of the record demonstrating the alleged error—sufficient to support a claim entitling

16   petitioner to relief.[7]

17   IV.    Objective Reasonableness Under § 2254(d)

18   When a state court denies a claim for failing to state a prima facie case, the absence of a

19   prima facie case is the determination that must be reviewed for reasonableness under § 2254(d).

20   Nunes v. Mueller, 350 F.3d 1045, 1054-55 (9th Cir. 2003), cert. denied, 543 U.S. 1038 (2004).[8]

21   Here, there is nothing unreasonable about the conclusion that petitioner's facts do not

22   support a prima facie Apprendi claim.  First, there cannot have been a violation of any right to a

23   _____

24   [7]  The parallel citation to Swain further supports this interpretation.  To the extent, if any, that the
     citation to Duvall could be interpreted as indicating a procedural ground for denial, the
25   undersigned would elect to bypass any procedural default issue thus presented.  See Lambrix v.
     Singletary, 520 U.S. 518, 525 (1997) (a procedurally defaulted claim may be denied on the
26   merits).

27   [8]  Respondent urges dismissal of the instant petition for untimeliness, then goes on to address the
     merits.  ECF No. 27.  The undersigned elects to bypass the timeliness issue.  See Van Buskirk v.
     Baldwin, 265 F.3d 1080, 1083 (9th Cir. 2001) (court may properly deny claim on the merits
28   rather than considering AEDPA's time bar), cert. denied, 535 U.S. 950 (2002).

7

jury trial because petitioner affirmatively waived a jury, and his waiver was found to be knowing and voluntary.  See RT 636-639.  The transcript of the waiver colloquy, which logically undermines any Apprendi claim, is attached to the petition.  ECF No. 18 at 42-45.

Second, nothing in the record upon which petitioner relies, or that this court's independent review has identified, supports the allegation that the trial court conducted any judicial factfinding beyond what is expressly permitted by Apprendi and People v. Gallardo, 4 Cal. 5th 120, 130 (2017): the simple *fact* of a prior conviction.  The petition highlights a snippet of transcript in which the sentencing court mentioned some of the underlying facts of petitioner's priors, ECF No. 18 at 61-62, but these comments were made in explaining the denial of petitioner's Romero motion[9] and not in making a finding that the existence of the priors was proved.  The petition elsewhere affirmatively alleges that "the trial court found the priors to be true based on the prosecution's 969(b) packet."[10]  ECF No. 18 at 6.  Clearly established federal law permits judicial factfinding as to "the fact of a prior conviction" Apprendi, 530 U.S. at 476, which is precisely what a 969(b) packet addresses.

Descamps and Mathis provide no support for petitioner's claim because those are ACCA cases decided on federal statutory grounds.  Although the Supreme Court noted in Descamps and Mathis that the ACCA must be interpreted so as to comport with Apprendi, in order to avoid Sixth Amendment problems, neither case was decided on constitutional grounds.  See Ezell v. United States, 778 F.3d 762, 766 (9th Cir.) (Descamps is a statutory interpretation case, it does not announce any constitutional rule), cert. denied, 577 U.S. 916 (2015).  These cases therefore have no bearing on the issues presented here.

In sum, the state court's summary rejection of petitioner's claim was not unreasonable because petitioner failed to present a prima facie case under Apprendi and progeny.  In light of petitioner's waiver of a jury as to the strikes, the affirmative allegation that the judicial finding of a strike was based on the 969b packet, and the absence of any facts showing impermissible

---

[9]  Under Romero, 13 Cal.4th 497, the sentencing court has authority to dismiss one or more prior "strikes" in the interest of justice.

[10]  Cal. Penal Code § 969b provides for proof of prior convictions with certified copies of correctional records documenting the facts of conviction and imprisonment.

1  judicial factfinding, there can have been no objectively unreasonable application of clearly

2  established federal law by the state court.  Federal habeas relief is therefore barred by 28 U.S.C. §

3  2254(d).

4          V.        Petitioner's Challenge to His Prior Conviction for Criminal Threats

5         Turning to the merits of petitioner's challenge to his prior conviction for making criminal

6  threats in violation of California Penal Code § 422, the Sacramento County Superior Court denied

7  relief on this claim explaining that petitioner "conflates the various elements of the Colorado

8  statute at issue in Counterman and the elements of section 422."  ECF No. 51 at 27.[11]   Other state

9  appellate courts have also concluded that the Supreme Court decision in Counterman does not

10  apply to California Penal Code § 422.  See People v. Eaves, 2024 WL 1399647 at * 3, 2024 Cal.

11  App. Unpub. LEXIS 2086 * 6 (Cal. Ct. App. April 2, 2024) (unpub.) (emphasizing that the

12  California statute requires "evidence that the defendant harbored 'the intent to place the person

13  that is the target of the treat in reasonable fear for their safety or the safety of their family.'");

14  People v. Hupp, 2023 WL 7013441 at *7, 2023 Cal. App. Unpub. LEXIS 6354 * 22 (Cal. Ct.

15  App. Oct. 25, 2023) (rejecting First Amendment claim pursuant to Counterman since the

16  California statute requires that the defendant intended his statements to be taken as threats and

17  "[b]ecause willfulness is a more culpable mental state than recklessness) (unpub.).

18         Accordingly, even if this claim is not barred by timeliness or retroactivity doctrines, it

19  provides no basis for relief.  The undersigned finds that the state court rejection of petitioner's

20  challenge to his criminal threat prior conviction is not contrary to or an unreasonable application

21  of the Supreme Court decision in Counterman.  Petitioner therefore is not entitled to habeas relief

22  on this new claim.

23  CONCLUSION

24         For all the reasons explained above, the state courts' denial of petitioner's claims was not

25  objectively unreasonable within the meaning of 28 U.S.C. § 2254(d).  Even without reference to

26  ////

27

28  [11]  The undersigned finds that this is the last reasoned state court opinion to which 28 U.S.C. § 2254(d)(1) applies.  See ECF No. 51 at 25-28.

AEDPA standards, petitioner has not established any violation of his constitutional rights entitling him to habeas corpus relief.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's motion to amend (ECF No. 51) be granted.

2.  The first amended petition for writ of habeas corpus (ECF No. 18) be denied on the merits including the new claim for relief presented in petitioner's motion to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 7, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE