UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONELL THOMAS HAYNIE, | No. 2:19-cv-01967 KJM AC P |
| Petitioner, | |
| v. | ORDER |
| BRIAN CATES, Warden, | |
| Respondent. | |

      Donell Thomas Haynie, a California state prisoner proceeding pro se, filed his original petition for a writ of habeas corpus in this case in 2019. *See* Pet., ECF No. 1; First Am. Pet., ECF No. 18. He asserted a single claim under the Sixth Amendment: he contended he had been wrongfully deprived of a jury trial when the state court, rather than a jury, decided he had previously been convicted of a burglary; that prior conviction increased the length of his sentence. *See* First Am. Pet. at 6.[1] The matter was referred to a United States Magistrate Judge, as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Magistrate Judge recommended denying the petition for three reasons: (1) petitioner had affirmatively waived his right to a jury trial on the prior convictions in open court; (2) the trial court did not find any "fact" beyond "the simple fact of a prior conviction," which the Sixth Amendment allows a court to do; and (3) the Supreme

---

[1] Pages cited here are those applied at the top right by the CM/ECF system.

1

1   Court decisions petitioner cited did not support his position.  Prev. F&Rs at 6–7, ECF No. 50
2   (emphasis omitted) (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Descamps v. United*
3   *States*, 570 U.S. 254 (2013) and *Mathis v. United States*, 579 U.S. 500 (2016)).

4          After the Magistrate Judge issued these findings and recommendations, but before this
5   court decided whether to adopt them, the United States Supreme Court issued its opinion in
6   *Counterman v. Colorado*, 600 U.S. 66 (2023).  Petitioner applied to the Ninth Circuit for
7   permission to file a second or successive habeas petition based on *Counterman*.  *See* Order,
8   *Hayne v. Cisneros*, No. 23-3940 (9th Cir. June 6, 2024).  He also moved to amend this petition in
9   this case.  *See generally* Mot. Leave Am., ECF No. 51.  The Circuit transferred his application to
10  this court, and the Magistrate Judge vacated her findings and recommendations and set a deadline
11  for any opposition to the motion for leave to amend.  *See* Min. Order, ECF No. 53.  Respondent
12  did not file an opposition.

13         The magistrate judge has filed revised findings and recommendations, which are now
14  pending.  *See generally* F&Rs, ECF No. 56.  She recommends denying the claim seeking relief
15  under the Sixth Amendment for the reasons in the previous findings and recommendations.  *Id.*
16  at 7–9.  She also recommends granting petitioner's motion to amend his petition to assert a claim
17  based *Counterman*, and she recommends denying that new claim as well.  *See id.* at 4, 9.
18  Petitioner objects to the findings and recommendations, but only "relating to [his] new amended
19  claim."  Objs. at 1, ECF No. 57.  Respondent filed neither objections nor a response to
20  petitioner's objections.  The court has reviewed the findings and recommendations de novo and
21  finds they are supported by the record and the proper analysis.  The Magistrate Judge correctly
22  explained why the state courts were reasonable to reject petitioner's Sixth Amendment claim: he
23  expressly waived his right to a jury trial on his previous convictions, *see* Reporter's Tr. at 636–39,
24  ECF No. 26-5, and the Sixth Amendment does not prohibit the limited finding at issue here, i.e.,
25  "the simple fact of a prior conviction," *Mathis*, 579 U.S. at 511. The court writes separately now
26  only to explain briefly why petitioner's objections do not reveal any errors in the findings and
27  recommendations.

28

1    First, the Magistrate Judge did not err by addressing "the merits of the new claim for relief rather than determining whether it is timely filed or barred by retroactivity." F&Rs at 4 n.6. The new claim could not succeed on its merits no matter whether it related back to the original petition, was otherwise timely, or whether or how the rules of retroactivity might have applied. *See Van Buskirk v. Baldwin*, 265 F.3d 1080, 1083 (9th Cir. 2001) (declining to "reach the complex questions lurking in the time bar of the AEDPA [Antiterrorism and Effective Death Penalty Act of 1996]" because "[t]he trial court decided the case on the merits, and on the merits it was right as a matter of law"). Nor did the Magistrate Judge err by issuing findings and recommendations without first requiring a responsive pleading. This court "must" deny any petition "[i]f it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases and Section 2255 Proceedings.

Second, the Magistrate Judge did not err by consulting two recent unpublished decisions by the California Court of Appeal. *See* F&Rs at 9 (citing *People v. Eaves*, No. B324674, 2024 WL 1399647 (Cal. Ct. App. April 2, 2024) and *People v. Hupp*, No. E078421, 2023 WL 7013441 (Cal. Ct. App. Oct. 25, 2023). Federal courts "are not precluded from considering unpublished state court opinions" but "are not bound by them either." *Nunez by Nunez v. City of San Diego*, 114 F.3d 935, 942 n.4 (9th Cir. 1997).

Third, the Magistrate Judge correctly concluded that petitioner is not entitled to relief based on the Supreme Court's decision in *Counterman*. *See* F&Rs at 9. In *Counterman*, the Supreme Court reaffirmed that "[t]rue threats of violence are outside the bounds of First Amendment protection and punishable as crimes." 600 U.S. at 69. It held, however, that "the First Amendment still requires proof that the defendant had some subjective understanding of the threatening nature of his statements." *Id.* To obtain a conviction without running afoul of the First Amendment, "[t]he State must show that the defendant consciously disregarded a substantial risk that his communications would be viewed as threatening violence." *Id.* The California law underlying petitioner's own conviction requires more—proof of a "specific intent that the statement . . . is to be taken as a threat." Cal. Pen. Code § 422(a). The state court reached the

same conclusion in the last reasoned decision in the post-conviction proceedings here.  *See* Mot. Leave Am. at 26–27, ECF No. 51.  Petitioner is not entitled to relief under § 2254.

Petitioner's motion for a certificate appealability, ECF No. 58, is also denied.  Petitioner has not made the necessary "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 56) are adopted in full.

2. Petitioner's motion to amend (ECF No. 51) is granted.

3. The first amended petition for writ of habeas corpus (ECF No. 18) is denied on the merits including the new claim for relief presented in petitioner's motion to amend.

4. The motion for a certificate of appealability (ECF No. 58) is denied.

5. The clerk of court is directed to close this case.

DATED:  October 4, 2024.

UNITED STATES DISTRICT JUDGE

4